## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID POOL, | § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | |
| | § | |
| TRS RECOVERY SYSTEMS, INC. | § | |
| Defendant | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** David Pool, hereinafter referred to as Plaintiff complaining against TRS Recovery Systems, Inc. hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.     This is an action for damages brought by an individual Plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA  and to have an Order or injunction issued by this Court preventing Defendant from continuing its behavior in violation of the FDCPA. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and venue is proper before this Court as Plaintiff

and/or Defendant reside in this District and/or the complained of actions occurred in this District. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

2.      Plaintiff, David Pool, is a natural person and  "consumer" as defined by 15 U.S.C. §1692(a)(3).

3.      Defendant, TRS Recovery Systems, Inc. is a domestic corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## FDCPA VIOLATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period.  Defendant sent Plaintiff an initial letter, dated August 8, 2009.  The letter began by notifying Plaintiff of the financial damage that non-payment of the debt had caused, and reminded Plaintiff that immediate payment of the alleged debt could undue that damage.  The first

paragraph of the letter stated, in pertinent part: "...INFORMATION REGARDING THIS DEBT HAS BEEN ENTERED INTO Telecheck's NATIONAL COMPUTER FILES.  As a result, you may be unable to write a check or open an account at merchants and banks who use the TeleCheck services.  This information will be cleared upon receipt of your money order or cashier's check." (emphasis taken from original). Defendant did include the required 1692g(a) disclosures in the letter, but the disclosures were placed on the back of the letter.  The effect of the threats pertaining to Plaintiff's financial future, which are placed at the beginning of the letter and partially in ALL CAPS, is to overshadow the clearly less important § 1692g(a) disclosures, placed on the back of the letter (§ 1692g(b)).

5.     As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff has judgment of and against Defendant as follows:

(a)     a declaratory judgment be entered that Defendant's conduct violated the FDCPA;

(b)     an award of actual damages;

(c)     an award of statutory damages pursuant to 15 U.S.C. § 1692k;

(d)     an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

(e)     an award for all actual damages, exemplary damages, emotional/mental anguish damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(f)     such other and further relief as may be just and proper.

Respectfully submitted,

By: /s/Susan Landgraf
Susan Landgraf
S.D. Bar # 15824
Texas State Bar # 00784702
Attorney in Charge for Plaintiffs

WEISBERG & MEYERS, L.L.C.
108 E. 46th Street
Austin, TX 78751
Phone: (512) 436-0036 ext. 116
Facsimile: (866) 317-2674

## CERTIFICATE  OF SERVICE

I certify that on February 11 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

/s/  Susan A. Landgraf___
SUSAN A. LANDGRAF